UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELINE TORRES,

     Plaintiff,

CASE NO. _____

v.

DOLLAR TREE STORES, INC.,

     Defendant.

_____/

## <u>NOTICE OF REMOVAL</u>

Petitioner/Defendant, DOLLAR TREE STORES, INC. ("Dollar Tree"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446(b), hereby files this Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division, for the cause of action presently pending in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, Case No.: 2020 11412 CIDL and styed: Jacqueline Torres v. Dollar Tree Stores, Inc.   As grounds in support of this Notice of Removal, the following is stated:

     1.     This case is properly removable due to diversity of citizenship between Plaintiff and Defendant.

     2.     Venue is properly in the Orlando Division of the Middle District of Florida.  Pursuant to M.D.L.R. 1.02(b)(3), this case has been filed in state court in Volusia County.  Therefore, the Orlando Division is the proper Court for removal of this case.

3.      The Respondent/Plaintiff, JACQUELINE TORRES ("Plaintiff"), at all times material hereto, including at the time of filing her Complaint in Volusia County, Florida, as well as at the time of this Removal, was a citizen and resident of the State of Florida.

4.      Dollar Tree, at all times material hereto, at the time of filing the Complaint, and at the time of this Removal, was and is a foreign corporation organized under the laws of the State of Virginia.  To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(1).  Although a company may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend,* 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship).  A copy of Dollar Tree's corporate filing with the State of Florida, showing the principal place of business, is attached hereto as Exhibit "A."

5.      This Notice of Removal is founded and based upon complete diversity of citizenship jurisdiction between all parties pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441, *et seq.*  There is complete diversity of citizenship between Plaintiff and Dollar Tree.  Plaintiff and Dollar Tree are not residents or citizens of the same state.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

6.      Dollar Tree has filed with the Clerk of the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C.A. § 1446(d).  A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as Exhibit "B."

7.      While Dollar Tree contests the validity of service of process, Dollar Tree was served, through its store manager, on November 30, 2020.  A copy of the Affidavit of Service is attached hereto as Exhibit "C."

8.      A copy of the original Complaint filed by Plaintiff in the state court action is attached hereto as Exhibit "D."

9.      As of the date of this Notice of Removal, Dollar Tree has not filed a response to the Plaintiff's Complaint and has not waived its right to removal.

10.     This Notice of Removal is being timely filed within thirty (30) days from November 30, 2020, the date upon which the Summons was served upon Dollar Tree's store manager.

11.     There are no other Defendants to this action who have been sued other than Dollar Tree.  Accordingly, there are no other Defendants upon which any consent to this Removal to the United States District Court needs to be obtained.  Additionally, Dollar Tree is the first and only Defendant who has been sued and served in this matter, and therefore is the only Petitioner/Defendant who is seeking Removal to the Middle District of Florida, Orlando Division.

12.     Dollar Tree has met its burden of proof by establishing by a preponderance of the evidence, as set forth below, that Plaintiff's claim for damages exceeds $75,000, exclusive of costs and interest, the amount in controversy limits of this Court.  Although Plaintiff has not specifically alleged she seeks damages in excess of $75,000, exclusive of costs and interests, from the Complaint she filed in state court, it is clear the facial allegations set forth in the Complaint confirm that Plaintiff is seeking damages against Dollar Tree which exceed the minimum limitations of subject matter jurisdiction in this Court.  If this averment by Dollar Tree is not accurate, then Plaintiff should be required to stipulate on the record that she is seeking no more than $75,000 in damages, exclusive of costs and interest, from Dollar Tree.

13.     "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Id.*

14.     In addition to alleging her claim for damages exceeds $30,000, the Plaintiff alleges in her Complaint, attached hereto as Exhibit "D," that:

> Plaintiff, JACQUELINE TORRES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment,

and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

[Ex. D; ¶ 11].

15.  The Plaintiff also presented a pre-suit demand to Dollar Tree on September 5, 2018, demanding payment of $500,000 as a settlement for the Plaintiff's claimed injuries. A copy of the Plaintiff's demand letter is attached hereto as Exhibit "E."

16.  Although courts have determined pre-suit demands can be seen as puffing or posturing, it has also been held that courts should give preference to the Plaintiff's own assessment of the value of their case. *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, *2 (S.D. Fla. Oct. 22, 2010) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 10-80783-CIV, at DE 7 (S.D. Fla. May 27, 2010).

17.  Plaintiff's demand letter is instructive as to the Plaintiff's claim for alleged damages. The Plaintiff's demand letter is referenced solely for purposes of the Court viewing extrinsic evidence in its determination that the subject matter jurisdiction of this claim meets the minimum amount in controversy.

18.  The Plaintiff asserts that she sustained very serious, life-altering permanent injuries as a result of the subject slip and fall while within Dollar Tree's store. [Ex. E].

19.     The Plaintiff also asserts she began to experience pain and discomfort in her back, right shoulder, right wrist, right knee, and neck "soon after [the Plaintiff] fell onto the floor."  [Ex. E].

20.     In addition to asserting she underwent a regular course of physical therapy and medical care, the Plaintiff described her "extensive injuries" as of September 5, 2018 as follows:

> an L4-5 disc disruption with anterior impression; L5-S1 disc herniation with abutment; L5-S1 disc disruption; L4 hemangioma; right shoulder supraspinatus tendinopathy; right shoulder joint effusion; right shoulder subacromial/subdeltoid inflammation; lumbar sprain; low back strain; cervicalgia; right. shoulder contusion; right knee contusion; sacral segmental and somatic dysfunction; lumbar segmental and somatic dysfunction; cervical segmental and somatic dysfunction; and thoracic segmental and somatic dysfunction.

[Ex. E].

21.     On January 14, 2020, the Plaintiff presented another pre-suit demand to Dollar Tree, renewing her prior demand amount of $500,000 as a settlement for the Plaintiff's claimed injuries.  A copy of the Plaintiff's renewed demand letter is attached hereto as Exhibit "F."

22.     As of the Plaintiff's renewed demand on January 14, 2020, the Plaintiff had undergone surgery to her right shoulder, which the Plaintiff relates to her fall at Dollar Tree's store.  [Ex. F].

23.     The Plaintiff has currently presented Dollar Tree with medical bills totaling $105,044.96.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

24.     It is clear based upon the allegations set forth in the Complaint, in its entirety, both in terms of economic and non-economic damages, as well as the exhibits attached to this Notice of Removal, Plaintiff's claims fully support a conclusion she is seeking damages to be awarded in excess of the jurisdictional limits of this Court.  Therefore, subject matter jurisdiction, even if Plaintiff did not specifically allege $75,000 in the original Complaint, is clearly vested in this Court.

25.     The allegations set forth in this Notice of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney.

26.     The undersigned counsel is Attorney of Record for Dollar Tree, and has been specifically authorized to act on behalf of Dollar Tree in seeking Removal of this cause of the United States District Court, Middle District of Florida, Orlando Division.  Further, the undersigned Counsel of Record is a fully licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Middle District of Florida.

**WHEREFORE**, the Defendant, DOLLAR TREE STORES, INC., hereby gives Notice of Removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

Respectfully submitted on this 21st day of December, 2020.

/s/ *Michael J. Merrill*
MICHAEL J. MERRILL
Trial Counsel
FBN: 84488
CHAD W. DUNHAM
FBN: 119136
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0022
Facsimile: (321) 972-0099
Primary Email:
michael.merrill@csklegal.com
Secondary Email:
chad.dunham@csklegal.com
tara.wilson@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using CM/ECF on December 21, 2020, and by serving via electronic mail (email) to: smccloskey@schwedlawfirm.com; eservice@schwedlawfirm.com to **Shawn McCloskey, Esquire**, Schwed, Adams & McGinley, P.A., 7111 Fairway Drive, Suite 105, Palm Beach Gardens, FL 33418, (561) 694-6079/(561) 694-6089 (F).

/s/ *Michael J. Merrill*
MICHAEL J. MERRILL
Trial Counsel
FBN: 84488
CHAD W. DUNHAM
FBN: 119136
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0022
Facsimile: (321) 972-0099
Primary Email:
michael.merrill@csklegal.com
Secondary Email:
chad.dunham@csklegal.com
tara.wilson@csklegal.com